# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 21-7125**

**September Term, 2022**

FILED ON: OCTOBER 25, 2022

LARRY ELLIOTT KLAYMAN, INDIVIDUALLY,
           APPELLANT,

v.

THOMAS J. FITTON, INDIVIDUALLY, ET AL.,
           APPELLEES.

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:19-cv-02793)

---

Before: KATSAS, *Circuit Judge*, RANDOLPH and ROGERS, *Senior Circuit Judges*.

## J U D G M E N T

The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the reasons stated below, it is:

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

\* \* \*

The district court dismissed Larry Klayman's defamation complaint against Thomas Fitton for failure to state a claim. The complaint alleged that Roger Stone, during an interview on InfoWars, a website, stated: "He [Klayman] was ousted at Judicial Watch. Ask Tom Fitton [the current president of Judicial Watch] why he left. He left because of a sexual harassment complaint." Klayman alleged, "[o]n information and belief," that Fitton gave this information to Stone while they were working together, that Fitton expected Stone to publish it, and that the information was false and defamatory.

At the motion to dismiss stage, a complaint asserting a defamation claim under D.C. law must plausibly allege that the defendant made a false and defamatory statement. *Hourani v. Mirtchev*, 796 F.3d 1, 16 (D.C. Cir. 2015). Klayman's complaint is rife with conclusory allegations

lacking factual support that Fitton made a defamatory statement to Stone. *See id.* ("The complaint claims that Mirtchev 'published or caused these statements to be published,' but it alleges no factual basis whatsoever for that charge."); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth.").

Klayman principally rests on his allegation that Stone and Fitton were working together before the InfoWars broadcast. Klayman maintains that it follows from this allegation that when Stone said "Ask Tom Fitton" he was referring to information he received from Fitton about the reason for Klayman's departure from Judicial Watch sixteen years earlier, in 2003. We agree with the district court that on the face of the complaint Klayman's claim is not plausible. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

For one thing the complaint is devoid of any credible allegation that Stone and Fitton worked together, or were in contact, or even knew each other before Stone's January 18, 2019 appearance on InfoWars. *See Hourani*, 796 F.3d at 16. According to Klayman's complaint, Stone and Fitton worked together on a complaint relating to the FBI's search of Stone's home and Stone's indictment. The problem for Klayman is that the FBI search took place *after* Stone's InfoWars interview, a fact shown by public records of which the district court properly took judicial notice.[1]

On the other hand, it *is* plausible that Stone got his information about Klayman's departure from public sources. Klayman's 2003 departure from Judicial Watch became the subject of more than fifteen years of litigation, most notably culminating in a thirteen-day jury trial in the district court, where "[t]he primary factual issue was the reason for Klayman's departure [from Judicial Watch]." *Klayman v. Jud. Watch, Inc.*, 6 F.4th 1301, 1307, 1309 (D.C. Cir. 2021), *cert. denied*, 142 S. Ct. 2731 (2022), *reh'g denied*, 2022 WL 3021506 (U.S. Aug. 1, 2022). As recounted in our opinion affirming the $2.3 million verdict against Klayman, the jury heard evidence that while Klayman was at Judicial Watch, he physically abused his then-wife, *see id.*; that he was pursuing a romantic relationship with a Judicial Watch employee, *id.* at 1307; that his wife had filed a complaint for divorce, *id.*; and that Fitton, upon learning of these matters, told Klayman to resign. *Id.* There is no need to determine whether this evidence could be construed as "sexual harassment." The important point is that a trial involving Klayman took place, and the jury returned its verdict against Klayman, all before Stone's statement on InfoWars.[2] *See id.* at 1321.

We also sustain the district court's refusal to permit Klayman to amend his complaint. *See Kowal v. MCI Communications Corporation*, 16 F.3d 1271, 1280 (D.C. Cir. 1994).

Klayman's motion to recuse is denied.

\*　　　\*　　　\*

---

[1] *See*, *e.g.*, Sealed Indictment, *USA v. Stone*, Case No. 1:19-cr-00018-ABJ (D.D.C. January 24, 2019), ECF. No. 1.

[2] To the extent Klayman also claims that Stone uttered his statement as Fitton's agent, we conclude that Klayman has failed to plead facts for us to draw a reasonable inference in his favor.

This disposition is unpublished. *See* D.C. Cir. R. 36(d). We direct the Clerk to withhold the mandate until seven days after any timely petition for rehearing or rehearing *en banc* is resolved. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk